**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| TODD PHILLIP ALLEN | : | |
| | : | |
| Appellant | : | No. 1406 EDA 2018 |

Appeal from the PCRA Order April 5, 2018
In the Court of Common Pleas of Montgomery County Criminal Division
at No(s): CP-46-CR-0002552-2009

BEFORE: OTT, J., DUBOW, J., and STRASSBURGER*, J.

MEMORANDUM BY DUBOW, J.: **FILED MARCH 28, 2019**

Appellant, Todd Phillip Allen, appeals from the denial of his fourth Petition filed pursuant to the Post-Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541-9546. Because this Petition is untimely, we are without jurisdiction to consider the merits of the issues raised. We, thus, affirm.

On October 26, 2009, Appellant entered a negotiated guilty plea to two counts of possession with intent to deliver (cocaine). That same day, the court sentenced Appellant to the negotiated sentence of two to four years' incarceration on each count, to be served concurrently. Appellant did not file a post-sentence motion or a direct appeal. His Judgment of Sentence, thus, became final on November 25, 2009, when the time expired for him to file a direct appeal. 42 Pa.C.S. § 9543(b)(3).

_____

* Retired Senior Judge assigned to the Superior Court.

Appellant subsequently filed three PCRA Petitions, none of which garnered relief.[1] He filed his fourth PCRA Petition, the subject of this appeal, on January 3, 2018, asserting that he recently received the incident reports for the 2009 offense indicating that they were not approved by a supervising officer or a prosecutor and that he was illegally arrested.

The PCRA Court appointed counsel, who filed a no-merit letter, pursuant to **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988), on March 9, 2018, and a request to withdraw from the case. On March 30, 2018, the PCRA Court filed a Pa.R.Crim.P. 907 Notice of Intention to Dismiss the Petition as untimely, and granted counsel's Motion to Withdraw. Appellant filed a *pro se* response.

On April 5, 2018, the PCRA court dismissed the Petition as untimely.

Appellant timely appealed *pro se*. Both Appellant and the PCRA Court complied with Pa.R.A.P. 1925.

Appellant presents the following questions for this Court's consideration:

1. Whether court appointed counsel's no merit letter, complied with **Com. v. Finley**, 379 Pa. Super. 390, 1988?

2. Whether Court appointed Counsel's no merit letter was untimely filed?

_____

[1] This Court affirmed the denial of his first PCRA Petition on August 23, 2012. **Commonwealth v. Allen**, 2349 EDA 2011 (Pa. Super. filed Aug. 23, 2011). In our Memorandum, the panel addressed one of the same issues Appellant raises in this fourth PCRA Petition: Appellant's claim that plea counsel was ineffective because his arrest was illegal when it was based on an incident report stating he was arrested pursuant to an arrest warrant. **See id**., at 4-5, discussed **infra**.

3. Whether the newly discovered facts were unknown to Appellant, and could not have been ascertained by the exercise of due diligence?

Appellant's Brief at 1.

We review the denial of a PCRA Petition to determine whether the record supports the PCRA court's findings and whether its order is otherwise free of legal error. *Commonwealth v. Fears*, 86 A.3d 795, 803 (Pa. 2014). This Court grants great deference to the findings of the PCRA court if they are supported by the record. *Commonwealth v. Boyd*, 923 A.2d 513, 515 (Pa. Super. 2007). We give no such deference, however, to the court's legal conclusions. *Commonwealth v. Ford*, 44 A.3d 1190, 1194 (Pa. Super. 2012).

Before addressing the merits of Appellant's claims, we must first determine whether we have jurisdiction to entertain the underlying PCRA Petition. *See Commonwealth v. Hackett*, 956 A.2d 978, 983 (Pa. 2008) (explaining that the timeliness of a PCRA Petition is a jurisdictional requisite).

Under the PCRA, any petition "including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final[.]" 42 Pa.C.S. § 9545(b)(1). A Judgment of Sentence becomes final "at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." 42 Pa.C.S. § 9545(b)(3). The PCRA's timeliness requirements are jurisdictional in nature, and a PCRA court

may not address the merits of the issues raised if the petitioner did not timely file the PCRA petition. *Commonwealth v. Albrecht*, 994 A.2d 1091, 1093 (Pa. 2010).

As noted above, Appellant's 2009 Judgment of Sentence became final on November 25, 2009. To be timely, Appellant needed to file his PCRA Petition by November 25, 2010. This fourth PCRA Petition, filed on January 3, 2018, is patently untimely.

Pennsylvania courts may consider an untimely PCRA petition, however, if the appellant pleads and proves one of the three exceptions set forth in 42 Pa.C.S. § 9545(b)(1). Appellant claims that his Petition falls within the exception provided at Section 9545(b)(1)(ii): "the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence."

Appellant asserts that he recently learned that (1) the police officer did not sign the incident reports submitted in connection with his 2009 arrest; (2) the incident report erroneously states he was arrested pursuant to a warrant; (3) plea counsel was ineffective for advising him to plead guilty because his arrest was illegal without a warrant; and (4) he would have filed a suppression motion to suppress the "false and fabricated" incident report. *See* Appellant's Brief at 3.

In concluding that Appellant's claims do not meet the after-discovered facts timeliness exception, the PCRA Court aptly stated the following:

[Appellant's] averment that he only recently learned that the incident report for the instant matter had no approving signature from any supervising police officer is unavailing. Not only is there no indication that this lack of a signature could not have been discovered earlier through the exercise of due diligence, the alleged absence of such a signature—even if proven—in no way establishes that defendant's arrest was illegal. Further, as both this court and the Superior Court [] have previously held, even if defendant's arrest was illegal, the mere fact of an illegal arrest in no way establishes in and of itself that [plea counsel] was ineffective for advising [Appellant] to plead guilty.

As the Superior Court stated in its August 23, 2012, opinion affirming [the] order dismissing [Appellant's] first PCRA Petition (p.5):

> Assuming arguendo that Appellant's arrest was illegal, the trial court could have suppressed evidence that was obtained as a result of the arrest. *See id.* ('Appellant's remedy is the suppression of the evidentiary fruits of the illegal arrest, not dismissal of the charges.') To the extent that Appellant contends that the court could have suppressed evidence as a result of his allegedly illegal arrest, he fails to identify what evidence the court could have suppressed. Thus, appellant's claim of ineffective assistance of counsel fails.

The issue of whether [Appellant] would be entitled to PCRA relief simply by establishing that his arrest was illegal, has been fully and finally litigated and decided against [Appellant]. It may not now be revisited. See 42 Pa.C.S. § 9543(a)(3) and § 9544. [Appellant's] repeated attempts to seek PCRA relief by claiming that his arrest was somehow illegal or invalid are thus unavailing. Further [Appellant] has failed to raise a claim identifying specific evidence that would have been subject to suppression. Clearly, any attempt by [Appellant] to do so now would be time-barred, given that such a claim could have been raised in his first PCRA petition and was not.

PCRA Ct. Op., filed June 12, 2018, at 5-6.

Our independent review of the record supports the PCRA court's conclusions and we, thus, adopt the above analysis as our own. This fourth

PCRA Petition is untimely and Appellant has failed to plead and prove that any of the timeliness exceptions apply.

Accordingly, we are without jurisdiction to consider the merits of the issues raised.

Order affirmed.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary


Date: 3/28/19